UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GILBERT ELLERBE, individually &
on behalf of all similarly situated,

    Plaintiff,

v.

                                Case Number _____

POWER HOME TECHNOLOGIES, INC. &
POWER HOME TECHNOLOGIES, LLC,

    Defendants.
_____/

## Complaint

1. The failure to pay overtime is wage theft. Steven Greenhouse, *More Workers Are Claiming 'Wage Theft'*, N.Y. Times, Sept. 1, 2014, at A1.

2. Power Home Technologies, Inc. and Power Home Technologies, LLC, collectively referred to as "Power Home Technologies" did not pay their technicians overtime.

3. Power Home Technologies had a policy of paying technicians a modest salary for training, and then a salary plus commissions and bonuses.

4. Power Home Technologies paid its technicians under the "Salaried Laborer" Pay Policy until late December 2013.

5. The "Salaried Laborer" Pay Policy guaranteed a salary plus non-discretionary bonuses and commissions each pay period.

6. Power Home Technologies utilized its "Salaried Laborer" Pay Policy in an effort to contract out of the Fair Labor Standards Act's ("FLSA's") overtime requirements for employees who are clearly blue-collar laborers.

7. Power Home Technologies did not keep accurate time records for its technicians.

8. Defendants' Technicians typically worked more than 40 hours a week.

9. Defendants' Technicians never received overtime premiums.

10. Power Home Technologies did not pay overtime even when technicians received less than half their pay from commissions.

11. Power Home Technologies' "Salaried Laborer" Pay Policy violates the FLSA.

12. Under the "Salaried Laborer" Pay Policy, Power Home Technologies did not keep time records for Plaintiff and other similarly-situated technicians.

13. Under the "Salaried Laborer" Pay Policy, Power Home Technologies did not pay overtime to technicians when they worked overtime.

14. Power Home Technologies willfully violated the FLSA.

15. Power Home Technologies employs technicians in Alabama, Colorado, Georgia, Florida, Maryland, New York, North Carolina, South Carolina, Pennsylvania, Tennessee, Texas and Virginia. www.pht.com/about-pht.php, last visited Nov. 12, 2014.

16. Power Home Technologies is the largest Monitronics Home Security Dealer in the country. *Id.*

17. Power Home Technologies installs home security systems, fire alarms, cameras and other security monitoring devices. *Id.*

18. Defendant averages 1,000 installs per month. *Id.*

19. The Plaintiff, Gilbert Ellerbe, was a technician for Power Home Technologies from June 2013 through April 2014.

20. Power Home Technologies paid Plaintiff pursuant to the "Salaried Laborer" Pay Policy for 2013.

21. Plaintiff's primary job duties involved manual labor.

22. Plaintiff was a blue-collar worker.

23. Plaintiff worked with his hands.

24. Plaintiff did not work in an office.

25. In 2014 Power Home Technologies changed its "Salaried Labor" Policy to a "Piece Rate" Pay Policy.

26. Power Home Technologies did not keep track of the hours worked by its technicians.

27. Power Home Technologies does not pay its technicians overtime.

28. Plaintiff worked for Power Home Technologies during the applicable statutory period.

29. Power Home Technologies has gross revenues of over $1,000,000.

30. In 2013, Power Home Technologies and their related entities grossed more than $500,000 in sales or business done.

31. In 2012, Power Home Technologies and their related entities grossed more than $500,000 in sales or business done.

32. In 2011, Power Home Technologies and their related entities grossed more than $500,000 in sales or business done.

33. Power Home Technologies employs two or more workers that handle goods or materials that have moved in interstate commerce (namely, the raw materials used to install equipment for the Power Home Technology customers).

34. Power Home Technologies employs workers that are individually covered by the FLSA.

35. The Plaintiffs in this case drove vehicles that are less than 10,001 lbs. in interstate commerce.

36. Plaintiff sues Power Home Technologies on his own behalf and on behalf of all similarly situated for failing to pay overtime.

37. Plaintiff worked for Power Home Technologies in Florida, Georgia and Tennessee.

38. Defendants' technicians regularly communicate with each other through scheduled phone conferences.

39. Power Home Technologies provided contact information of its technicians to its technicians so they could communicate with each other.

40. Plaintiff communicated with technicians in multiple states.

41. Plaintiff's direct supervisor was based in North Carolina.

42. Defendants' technicians all had similar job duties.

43. Prior to December 2013, Defendants' technicians, including the Plaintiff, were paid pursuant to a "Salaried Laborer" Pay Policy.

44. In late December 2013, Defendants changed the pay policy applicable to their technicians to a "Piece Rate" Pay Policy.

45. Defendants' Pay Policies during the applicable statutory period were applied uniformly to all technicians, including the Plaintiff.

46. Power Home Technologies provides almost identical services in each state.

47. Defendants' technicians check the Engrade database's on-line schedule, print work orders and service tickets each evening after 10:00 p.m. or each morning before 7:00 a.m.

48. Defendants' technicians conduct a walkthrough with customers prior to equipment placement.

49. Defendants' technicians install and test security devices in residential and small commercial applications.

50. Defendants' technicians complete Econtracts, Alarm Work Orders and Quality Assurance Forms Cell Radio registrations.

51. Power Home Technologies provides a fuel card to all technicians.

52. Power Home Technologies pays all technicians in a similar manner.

53. Power Home Technologies is headquartered in North Carolina.

54. Power Home Technologies employed Plaintiff.

55. Power Home Technologies has employed more than 70 technicians in the past three years.

56. All technicians for Power Home Technologies employed in the United States within the past three years that worked more than forty hours in one or more workweeks without receiving overtime and paid pursuant to the "Salaried Laborer" and "Piece Rate" Pay Policies are similarly situated to Plaintiff.

57. Power Home Technologies, Inc. is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s).

58. Power Home Technologies, LLC is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s).

59. Defendants share a website.

60. Defendants are based in North Carolina.

61. Defendants are in the same business.

62. Defendants have the same officers and employees.

63. Defendants employed Plaintiff.

64. Defendants employed and continue to employ technicians similarly situated to Plaintiff.

65. Technicians, other than Plaintiff, have complained to Power Home Technologies about their pay and hours worked.

66. If technicians similarly situated to Plaintiff are notified of this lawsuit they would likely join.

67. Power Home Technologies did not pay its technicians proper overtime pursuant to 29 U.S.C. § 207(a)(1) for all hours worked over forty (40) each week.

68. Power Home Technologies does not know precisely how many hours its technicians worked week by week.

69. Power Home Technologies did not keep time records for its technicians pursuant to 29 U.S.C. § 211(c).

70. Plaintiff worked many hours for Power Home Technologies in Hillsborough County, Florida.

71. Power Home Technologies' principal place of business is in North Carolina.

72. Power Home Technologies' registered agent in Florida is in Broward County.

73. The Honorable Court has original jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

74. Venue is appropriate in Tampa, because Plaintiff worked for Power Home Technologies in Hillsborough County, Florida as well as in other counties and states.

75. The primary job duty of technicians is to install Power Home Technologies' products at residences and small businesses.

76. The job duties of Defendants' technicians are not different from state to state.

77. Plaintiff attaches his written consent to be party plaintiff. *See* Declaration of Gilbert Ellerbe.

Wherefore Plaintiff requests conditional class certification, Court-supervised notice to all similarly-situated workers who were subject to the same unlawful Pay Policies, an order awarding unpaid overtime to the Plaintiff and all others similarly situated, as well as liquidated damages, judgment and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and all other relief available under law and equity.

Respectfully submitted this <u>24th</u> day of November 2014,

*/s/ Bernard R. Mazaheri*
Bernard R. Mazaheri
Florida Bar Number 643971
Christina Thomas
Florida Bar Number 74846
Morgan & Morgan
20 N Orange Ave Ste 1600
Orlando, FL 32801
Tel – (407)420-1414
Email – bmazaheri@forthepeople.com
            cthomas@forthepeople.com
